UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| VEER GEAR LLC, a Georgia Limited Liability Company, | ) ) ) | |
| *Plaintiff*, | ) ) ) | Civil Action No. 26-cv-_____ |
| v. | ) ) | **JURY TRIAL DEMANDED** |
| MEMM, LLC d/b/a BOMBI GEAR, | ) ) | |
| *Defendant.* | ) ) ) | |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Veer Gear LLC (**"Veer Gear"** or **"Plaintiff"**), by and through its undersigned counsel, for its Complaint against Defendant Memm, LLC d/b/a Bombi Gear (**"Bombi"** or **"Defendant"**), alleges as follows:

## NATURE OF THE ACTION

1.      This is a patent infringement action arising out of Defendant Bombi's unauthorized and willful infringement of Veer Gear's U.S. Patent Nos. 9,242,663; 9,358,445; 10,507,857; 11,198,460; and 11,760,399 (collectively, the **"Patents-in-Suit,"** attached hereto as **Exhibits A through E**, respectively), based upon Defendant Bombi's unauthorized manufacture, use, offer for sale, sale, and/or importation of the infringing Waggle wagon product identified herein (the **"Accused Product"** or **"Waggle Wagon"**).

## THE PARTIES

2.      Plaintiff Veer Gear, LLC is a limited liability company organized and existing under the laws of the State of Georgia and has its principal place of business at 850 Mayfield Rd, Suite 301, Milton, GA 30009.

3.       Upon information and belief, Defendant Memm, LLC is a corporation organized and existing under the laws of the State of Rhode Island with a principal place of business at 22 Sophia Lane, Johnston, Rhode Island 02828.

4.       Upon information and belief, Defendant designs, manufactures, imports, markets, promotes, offers for sale, sells, and distributes consumer wagons and related products, including the Accused Product, throughout the United States, including within this judicial district, and is a competitor to Veer Gear.

5.       Upon information and belief, Defendant Bombi imports, markets, distributes, and sells products to customers located throughout the United States, including within this judicial district.

## JURISDICTION AND VENUE

6.       This action arises out of Defendant Bombi's complicit and unlawful acts constituting patent infringement arising under the patent laws of the United States, 35 U.S.C. § 1, *et seq.*

7.       This Court has subject matter jurisdiction over this action under 28 U.S.C. §§ 1331, 1332(a), and 1338(a) because the claims herein arise under the patent laws of the United States, 35 U.S.C. § 1 et seq., including 35 U.S.C. § 271.

8.       Defendant Bombi is subject to this Court's general and specific personal jurisdiction. Personal jurisdiction exists over Defendant Bombi in this judicial district because, upon information and belief, Defendant Bombi's principal place of business is in Rhode Island and in this judicial district, Defendant regularly conducts, transacts, and/or solicits business in Rhode Island and in this judicial district; has placed infringing products into the stream of commerce directed to residents of this judicial district; derives substantial revenue from its business transactions in Rhode Island and in this judicial district; and otherwise avails itself of the

2

privileges and protections of the laws of the State of Rhode Island such that this Court's assertion of jurisdiction over Defendant does not offend traditional notions of fair play and due process.

9.      Venue is proper in this judicial district under 28 U.S.C. §§ 1391(b)-(c) because a substantial part of the events or omissions giving rise to the claims alleged herein occurred in this judicial district, and under 28 U.S.C. § 1400(b) because Defendant Bombi has committed acts of infringement in this judicial district.

## BACKGROUND

### Veer Gear

10.     Veer Gear is an innovative designer and manufacturer of the first all-terrain stroller-wagon crossover that combines the safety of a premium stroller with the fun of a rugged wagon crossover. Veer Gear has sold and currently sells multiple all-terrain stroller-wagon crossover models, including under the Veer trademarks "All-Terrain Cruiser," "Cruiser City," "All-Terrain Cruiser XL," and "Cruiser City XL" (collectively, the **"Cruiser Wagons"**).

11.     Veer Gear's Cruiser Wagons embody the spirit of a wagon and invite exploration and adventure. Veer Gear's Cruiser Wagons incorporate, among other innovations, a patented collapsible wall system, a collapsible footwell for ergonomic seating, a position-locking handle positionable in multiple configurations, a gang-operated latch system, and a minimized-play feature that eliminates slack when in the use position. These innovations allow the Cruiser Wagons to be folded for easy storage and transport while providing a safe and secure environment for child passengers.

12.     Veer Gear has invested substantial time, effort, and resources in designing, developing, engineering, manufacturing, and marketing the Cruiser Wagons and the inventions embodied therein. Veer Gear protects these investments through its portfolio of United States patents.

13.    Exemplary images of Veer Gear's Cruiser Wagons are shown below:



| Exemplary Images of Veer Gear's Cruiser Wagons | |
|---|---|
| Veer Gear's All-Terrain Cruiser | Veer Gear's Cruiser City |
| Veer Gear's All-Terrain Cruiser XL | Veer Gear's Cruiser City XL |

## Veer Gear's Patents-in-Suit

14.    United States Patent No. 9,242,663, entitled "Wagon with Minimized-Play Collapsible Wall" ("the '663 Patent") was duly issued by the United States Patent and Trademark Office ("USPTO") on January 26, 2016. A true and correct copy of the '663 Patent is attached as **Exhibit A**.

4

15.     The '663 Patent is assigned to and owned by Plaintiff Veer Gear.

16.     Each of Veer Gear's Cruiser Wagons practices the invention claimed in the '663 Patent.

17.     United States Patent No. 9,358,445, entitled "Wagon with Latch System for Collapsible Walls" ("the '445 Patent") was duly issued by the USPTO on June 7, 2016. A true and correct copy of the '445 Patent is attached as **Exhibit B**.

18.     The '445 Patent is assigned to and owned by Plaintiff Veer Gear.

19.     Each of Veer Gear's Cruiser Wagons practices the invention claimed in the '445 Patent.

20.     United States Patent No. 10,507,857, entitled "Wagon with Collapsible Footwell and Position-Locking Handle" ("the '857 Patent") was duly issued by the USPTO on December 17, 2019. A true and correct copy of the '857 Patent is attached as **Exhibit C**.

21.     The '857 Patent is assigned to and owned by Plaintiff Veer Gear.

22.     Each of Veer Gear's Cruiser Wagons practices the invention claimed in the '857 Patent.

23.     United States Patent No. 11,198,460, entitled "Wagon with Collapsible Footwell and Position-Locking Handle" ("the '460 Patent") was duly issued by the USPTO on December 14, 2021. A true and correct copy of the '460 Patent is attached as **Exhibit D**.

24.     The '460 Patent is assigned to and owned by Plaintiff Veer Gear.

25.     Each of Veer Gear's Cruiser Wagons practices the invention claimed in the '460 Patent.

5

26.     United States Patent No. 11,760,399, entitled "Wagon with Footwell and Handle" ("the '399 Patent") was duly issued by the USPTO on September 19, 2023. A true and correct copy of the '399 Patent is attached as **Exhibit E**.

27.     The '399 Patent is assigned to and owned by Plaintiff Veer Gear.

28.     Each of Veer Gear's Cruiser Wagons practices the invention claimed in the '399 Patent.

<u>**Defendant Bombi's Unlawful Acts**</u>

29.     Upon information and belief, Defendant Bombi has purposefully designed, advertised, marketed, promoted, offered for sale, sold, distributed, manufactured, and/or imported, and continues to design, advertise, market, promote, offer for sale, sell, distribute, manufacture, and/or import, wagon products that violate Veer Gear's patent rights. Defendant Bombi's infringing Waggle wagon (the **"Accused Product"** or **"Waggle Wagon"**) is a knock-off of Veer Gear's patented Cruiser Wagons.

30.     Upon information and belief, Defendant Bombi has purposefully advertised, marketed, promoted, offered for sale, sold, and distributed, and continues to advertise, market, promote, offer for sale, sell, and distribute its infringing Waggle Wagon through its principal website(s) (https://bombigear.com/), and specifically at https://bombigear.com/products/wagon.

31.    Exemplary images of Defendant Bombi's infringing Waggle Wagon are shown below:

| Bombi's Infringing Waggle Wagon |
|---|
|  |
| (https://bombigear.com/cdn/shop/files/Customize_base.jpg?v=1774268821) |
| (https://bombigear.com/products/wagon#sirv-viewer-1351918248429) |

7

32.    Defendant Bombi's design, advertisement, marketing, promotion, offer for sale, sale, distribution, manufacture, and/or importation of the Waggle Wagon infringes upon Veer Gear's Patents-in-Suit.

33.    Upon information and belief, Defendant Bombi has and continues to make, use, import, offer to sell, and/or sell in the United States the Waggle Wagon, as illustrated by the pictures and description in the attached **Exhibit F**.

34.    Defendant Bombi is put on notice of its infringement of the Patents-in-Suit by way of the filing and service of this Complaint.

<u>**COUNT I**</u>

**(Infringement of U.S. Patent No. 9,242,663)**

35.    Veer Gear incorporates by reference and realleges the allegations 1-34 contained in all of the preceding paragraphs as if fully set forth herein.

36.    As described below, in violation of at least 35 U.S.C. § 271(a), Defendant Bombi infringes and/or has infringed, directly or indirectly, and literally or under the doctrine of equivalents, at least claim 1 of the '663 Patent by importing, making, using, offering to sell, and/or selling the Waggle Wagon in the United States without a license or permission from Veer Gear.

37.    Defendant Bombi's Waggle Wagon directly infringes the '663 Patent under 35 U.S.C. § 271(a) because the Waggle Wagon possesses each and every element of at least one claim of the '663 Patent, including by way of example only (and not limiting with respect to the number or identity of claims of the '663 Patent that will be asserted in this case), independent claim 1, as set forth below and in the claim chart attached as **Exhibit G**:

   a.  The Waggle Wagon is a wagon for cargo;

   b.  The Waggle Wagon includes a base;

c.  The Waggle Wagon includes at least first and second walls that extend generally upright from the base in a use position to help hold the cargo, wherein the second wall is movably mounted to the base and moves relative to the base between the upright use position and a storage position collapsed into a compact arrangement; and

d.  The Waggle Wagon includes a minimized-play feature including at least one ramped surface on one of the first and second walls, an interference between the first and second walls, and a resilient deflection feature of the first wall, wherein when the second wall is moved from the collapsed storage position toward the upright use position, the first and second walls interfere with each other, the ramped surface of the first or second wall slidingly engages the other one of the first and second walls to generate a lateral displacement force, the first wall is resiliently displaced generally laterally by the lateral displacement force as permitted by the resilient deflection feature to provide clearance for the second wall to move into the upright use position, and the resilient displacement of the first wall generates a compression force on the second wall in the upright use position so that the first and second walls are held together tightly under pressure to prevent wiggling relative to each other.

38.    To the extent that one or more of the elements of any asserted claim of the '663 Patent is not literally present in the Waggle Wagon, then such element is present in the Waggle Wagon under the doctrine of equivalents because the corresponding feature in the Waggle Wagon performs substantially the same function, in substantially the same way, to obtain substantially the same result as the claimed element and because there would be insubstantial differences between the claimed element and the corresponding feature in the Waggle Wagon.

39. Therefore, Defendant Bombi has and continues to directly infringe at least one claim of the '663 Patent.

40. Veer Gear has been damaged as a result of the infringing conduct by Defendant Bombi alleged above. Thus, Defendant Bombi is at least liable to Veer Gear in an amount that compensates Veer Gear for such infringement, which by law cannot be less than a reasonable royalty together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

41. Defendant Bombi's infringement of Veer Gear's '663 Patent has caused, and will continue to cause, Veer Gear to suffer substantial and irreparable harm unless Defendant Bombi is enjoined by this Court pursuant to 35 U.S.C. § 283.

42. Defendant Bombi has been on notice of and has had actual knowledge of the '663 Patent and its infringement of the '663 Patent since at least as early as the service of this Complaint.

43. Upon information and belief, Defendant Bombi had actual knowledge of the '663 Patent and its infringement of the '663 Patent much earlier than the service of this Complaint, including at least as early as during the design of the Waggle Wagon.

44. Defendant Bombi's infringement of the '663 Patent is, has been, and continues to be, willful, intentional, deliberate, and/or in conscious disregard of Veer Gear's rights. Defendant Bombi's willful infringement entitles Veer Gear to increased damages under 35 U.S.C. § 284 and to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

45. Accordingly, the nature of Defendant Bombi's infringement of the '663 Patent makes this case exceptional under 35 U.S.C. § 285.

46. Veer Gear has complied with the marking requirements of 35 U.S.C. § 287 with respect to the '663 Patent.

## COUNT II

### (Infringement of U.S. Patent No. 9,358,445)

47.    Veer Gear incorporates by reference and realleges the allegations contained in all of the preceding paragraphs 1-34 as if fully set forth herein.

48.    As described below, in violation of at least 35 U.S.C. § 271(a), Defendant Bombi infringes and/or has infringed, directly or indirectly, and literally or under the doctrine of equivalents, at least claim 16 of the '445 Patent by importing, making, using, offering to sell, and/or selling the Waggle Wagon in the United States without a license or permission from Veer Gear.

49.    Defendant Bombi's Waggle Wagon directly infringes the '445 Patent under 35 U.S.C. § 271(a) because the Waggle Wagon possesses each and every element of at least one claim of the '445 Patent, including by way of example only (and not limiting with respect to the number or identity of claims of the '445 Patent that will be asserted in this case), independent claim 16, as set forth below and in the claim chart attached as **Exhibit H**:

a.   The Waggle Wagon is a collapsible consumer-use wagon for cargo;

b.   The Waggle Wagon includes a base with a plurality of wheels mounted thereto;

c.   The Waggle Wagon includes at least three peripheral walls that extend generally upright from the base in a use position to help hold the cargo, that are pivotally mounted to the base to pivot relative to the base between the upright use position and a folded position for storage, and that cooperate in the upright use position to form a container for holding the cargo;

d.   The Waggle Wagon includes a latch system adapted to releasably secure a first one of the pivotal walls to adjacent second and third ones of the pivotal walls when the first,

11

second, and third walls are in the upright use position with the first wall extending between the second and third walls, wherein the latch system includes first and second latches and an actuator operably coupled to the first and second latches, each of the first and second latches including a plunger and a respective receiver that releasably secure to each other, wherein the plungers are movable between a locked position and an unlocked position, each plunger in the locked position is secured to the respective receiver so that the first wall is secured in the upright use position, and each plunger in the unlocked position is released from the respective receiver so that the first wall is free to pivot to the collapsed storage position, wherein the plungers are positioned at opposite ends of the first wall, the actuator is positioned on the first wall between the plungers at the opposite ends of the first wall, and the receivers are positioned on respective ones of the second and third walls adjacent the opposite ends of the first wall to engage with the respective plungers in the locked position when the first wall is in the upright use position, wherein the plungers are spring-biased toward the locked position, and wherein operation of the actuator moves the plungers from the locked position to the unlocked position so that both the first and second latches are unlocked simultaneously by operation of the actuator to release the first wall for pivoting from the upright use position to the collapsed storage position.

50.    To the extent that one or more of the elements of any asserted claim of the '445 Patent is not literally present in the Waggle Wagon, then such element is present in the Waggle Wagon under the doctrine of equivalents because the corresponding feature in the Waggle Wagon performs substantially the same function, in substantially the same way, to obtain substantially the

same result as the claimed element and because there would be insubstantial differences between the claimed element and the corresponding feature in the Waggle Wagon.

51.    Therefore, Defendant Bombi has and continues to directly infringe at least one claim of the '445 Patent.

52.    Veer Gear has been damaged as a result of the infringing conduct by Defendant Bombi alleged above. Thus, Defendant Bombi is at least liable to Veer Gear in an amount that compensates Veer Gear for such infringement, which by law cannot be less than a reasonable royalty together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

53.    Defendant Bombi's infringement of Veer Gear's '445 Patent has caused, and will continue to cause, Veer Gear to suffer substantial and irreparable harm unless Defendant Bombi is enjoined by this Court pursuant to 35 U.S.C. § 283.

54.    Defendant Bombi has been on notice of and has had actual knowledge of the '445 Patent and its infringement of the '445 Patent since at least as early as the service of this Complaint.

55.    Upon information and belief, Defendant Bombi had actual knowledge of the '445 Patent and its infringement of the '445 Patent much earlier than the service of this Complaint, including at least as early as during the design of the Waggle Wagon.

56.    Defendant Bombi's infringement of the '445 Patent is, has been, and continues to be, willful, intentional, deliberate, and/or in conscious disregard of Veer Gear's rights. Defendant Bombi's willful infringement entitles Veer Gear to increased damages under 35 U.S.C. § 284 and to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

57.    Accordingly, the nature of Defendant Bombi's infringement of the '445 Patent makes this case exceptional under 35 U.S.C. § 285.

58.     Veer Gear has complied with the marking requirements of 35 U.S.C. § 287 with respect to the '445 Patent.

## COUNT III

### (Infringement of U.S. Patent No. 10,507,857)

59.     Veer Gear incorporates by reference and realleges the allegations contained in all of the preceding paragraphs 1-34 as if fully set forth herein.

60.     As described below, in violation of at least 35 U.S.C. § 271(a), Defendant Bombi infringes and/or has infringed, directly or indirectly, and literally or under the doctrine of equivalents, at least claim 12 of the '857 Patent by importing, making, using, offering to sell, and/or selling the Waggle Wagon in the United States without a license or permission from Veer Gear.

61.     Defendant Bombi's Waggle Wagon directly infringes the '857 Patent under 35 U.S.C. § 271(a) because the Waggle Wagon possesses each and every element of at least one claim of the '857 Patent, including by way of example only (and not limiting with respect to the number or identity of claims of the '857 Patent that will be asserted in this case), independent claim 12, as set forth below and in the claim chart attached as **Exhibit I**:

a.  The Waggle Wagon is a wagon;

b.  The Waggle Wagon includes a base frame adapted to receive a load;

c.  The Waggle Wagon includes a plurality of peripheral sidewalls, each pivotally mounted to the base frame;

d.  The Waggle Wagon includes a plurality of wheels attached to the base frame; and

e.  The Waggle Wagon includes a collapsible footwell feature including a footrest and a plurality of upright elements, wherein the plurality of upright elements connect the

14

footrest to the base frame, and wherein the collapsible footwell feature is repositionable into a plurality of orientations.

62.     To the extent that one or more of the elements of any asserted claim of the '857 Patent is not literally present in the Waggle Wagon, then such element is present in the Waggle Wagon under the doctrine of equivalents because the corresponding feature in the Waggle Wagon performs substantially the same function, in substantially the same way, to obtain substantially the same result as the claimed element and because there would be insubstantial differences between the claimed element and the corresponding feature in the Waggle Wagon.

63.     Therefore, Defendant Bombi has and continues to directly infringe at least one claim of the '857 Patent.

64.     Veer Gear has been damaged as a result of the infringing conduct by Defendant Bombi alleged above. Thus, Defendant Bombi is at least liable to Veer Gear in an amount that compensates Veer Gear for such infringement, which by law cannot be less than a reasonable royalty together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

65.     Defendant Bombi's infringement of Veer Gear's '857 Patent has caused, and will continue to cause, Veer Gear to suffer substantial and irreparable harm unless Defendant Bombi is enjoined by this Court pursuant to 35 U.S.C. § 283.

66.     Defendant Bombi has been on notice of and has had actual knowledge of the '857 Patent and its infringement of the '857 Patent since at least as early as the service of this Complaint.

67.     Upon information and belief, Defendant Bombi had actual knowledge of the '857 Patent and its infringement of the '857 Patent much earlier than the service of this Complaint, including at least as early as during the design of the Waggle Wagon.

68.     Defendant Bombi's infringement of the '857 Patent is, has been, and continues to be, willful, intentional, deliberate, and/or in conscious disregard of Veer Gear's rights. Defendant Bombi's willful infringement entitles Veer Gear to increased damages under 35 U.S.C. § 284 and to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

69.     Accordingly, the nature of Defendant Bombi's infringement of the '857 Patent makes this case exceptional under 35 U.S.C. § 285.

70.     Veer Gear has complied with the marking requirements of 35 U.S.C. § 287 with respect to the '857 Patent.

**COUNT IV**

**(Infringement of U.S. Patent No. 11,198,460)**

71.     Veer Gear incorporates by reference and realleges the allegations contained in all of the preceding paragraphs 1-34 as if fully set forth herein.

72.     As described below, in violation of at least 35 U.S.C. § 271(a), Defendant Bombi infringes and/or has infringed, directly or indirectly, and literally or under the doctrine of equivalents, at least claim 1 of the '460 Patent by importing, making, using, offering to sell, and/or selling the Waggle Wagon in the United States without a license or permission from Veer Gear.

73.     Defendant Bombi's Waggle Wagon directly infringes the '460 Patent under 35 U.S.C. § 271(a) because the Waggle Wagon possesses each and every element of at least one claim of the '460 Patent, including by way of example only (and not limiting with respect to the number or identity of claims of the '460 Patent that will be asserted in this case), independent claim 1, as set forth below and in the claim chart attached as **Exhibit J**:

a.   The Waggle Wagon is a wagon assembly;

b. The Waggle Wagon includes at least one sidewall positionable in a use position and a stored position;

c. The Waggle Wagon includes a bottom surface coupled to the at least one sidewall, wherein the bottom surface and the at least one sidewall at least partially define a container;

d. The Waggle Wagon includes a plurality of wheels; and

e. In the Waggle Wagon, the bottom surface further comprises a footwell feature positionable in an extended position and a storage position.

74.     To the extent that one or more of the elements of any asserted claim of the '460 Patent is not literally present in the Waggle Wagon, then such element is present in the Waggle Wagon under the doctrine of equivalents because the corresponding feature in the Waggle Wagon performs substantially the same function, in substantially the same way, to obtain substantially the same result as the claimed element and because there would be insubstantial differences between the claimed element and the corresponding feature in the Waggle Wagon.

75.     Therefore, Defendant Bombi has and continues to directly infringe at least one claim of the '460 Patent.

76.     Veer Gear has been damaged as a result of the infringing conduct by Defendant Bombi alleged above. Thus, Defendant Bombi is at least liable to Veer Gear in an amount that compensates Veer Gear for such infringement, which by law cannot be less than a reasonable royalty together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

77.     Defendant Bombi's infringement of Veer Gear's '460 Patent has caused, and will continue to cause, Veer Gear to suffer substantial and irreparable harm unless Defendant Bombi is enjoined by this Court pursuant to 35 U.S.C. § 283.

17

78.     Defendant Bombi has been on notice of and has had actual knowledge of the '460 Patent and its infringement of the '460 Patent since at least as early as the service of this Complaint.

79.     Upon information and belief, Defendant Bombi had actual knowledge of the '460 Patent and its infringement of the '460 Patent much earlier than the service of this Complaint, including at least as early as during the design of the Waggle Wagon.

80.     Defendant Bombi's infringement of the '460 Patent is, has been, and continues to be, willful, intentional, deliberate, and/or in conscious disregard of Veer Gear's rights. Defendant Bombi's willful infringement entitles Veer Gear to increased damages under 35 U.S.C. § 284 and to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

81.     Accordingly, the nature of Defendant Bombi's infringement of the '460 Patent makes this case exceptional under 35 U.S.C. § 285.

82.     Veer Gear has complied with the marking requirements of 35 U.S.C. § 287 with respect to the '460 Patent.

## COUNT V

### (Infringement of U.S. Patent No. 11,760,399)

83.     Veer Gear incorporates by reference and realleges the allegations contained in all of the preceding paragraphs 1-34 as if fully set forth herein.

84.     As described below, in violation of at least 35 U.S.C. § 271(a), Defendant Bombi infringes and/or has infringed, directly or indirectly, and literally or under the doctrine of equivalents, at least claim 23 of the '399 Patent by importing, making, using, offering to sell, and/or selling the Waggle Wagon in the United States without a license or permission from Veer Gear.

85.     Defendant Bombi's Waggle Wagon directly infringes the '399 Patent under 35 U.S.C. § 271(a) because the Waggle Wagon possesses each and every element of at least one claim

18

of the '399 Patent, including by way of example only (and not limiting with respect to the number or identity of claims of the '399 Patent that will be asserted in this case), independent claim 23, as set forth below and in the claim chart attached as **Exhibit K**:

a. The Waggle Wagon is a wagon;

b. The Waggle Wagon includes at least one sidewall positionable in a use position and in a second position different from the use position;

c. The Waggle Wagon includes a bottom surface, wherein the at least one sidewall and the bottom surface together define a container;

d. The Waggle Wagon includes a footwell extending below a bottom surface of the container;

e. The Waggle Wagon includes a plurality of wheels removably coupleable to the wagon; and

f. The Waggle Wagon includes a handle positionable in a first position in which a handle lock mechanism locks the handle in the first position, wherein the handle is positionable in a second position to facilitate pulling the wagon in which the handle lock mechanism is disengaged to permit the handle to rotate about a pivot point in the second position, wherein the handle lock mechanism is an automatic handle lock mechanism for automatically locking the handle in the first position.

86.    To the extent that one or more of the elements of any asserted claim of the '399 Patent is not literally present in the Waggle Wagon, then such element is present in the Waggle Wagon under the doctrine of equivalents because the corresponding feature in the Waggle Wagon performs substantially the same function, in substantially the same way, to obtain substantially the

19

same result as the claimed element and because there would be insubstantial differences between the claimed element and the corresponding feature in the Waggle Wagon.

87.     Therefore, Defendant Bombi has and continues to directly infringe at least one claim of the '399 Patent.

88.     Veer Gear has been damaged as a result of the infringing conduct by Defendant Bombi alleged above. Thus, Defendant Bombi is at least liable to Veer Gear in an amount that compensates Veer Gear for such infringement, which by law cannot be less than a reasonable royalty together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

89.     Defendant Bombi's infringement of Veer Gear's '399 Patent has caused, and will continue to cause, Veer Gear to suffer substantial and irreparable harm unless Defendant Bombi is enjoined by this Court pursuant to 35 U.S.C. § 283.

90.     Defendant Bombi has been on notice of and has had actual knowledge of the '399 Patent and its infringement of the '399 Patent since at least as early as the service of this Complaint.

91.     Upon information and belief, Defendant Bombi had actual knowledge of the '399 Patent and its infringement of the '399 Patent much earlier than the service of this Complaint, including at least as early as during the design of the Waggle Wagon.

92.     Defendant Bombi's infringement of the '399 Patent is, has been, and continues to be, willful, intentional, deliberate, and/or in conscious disregard of Veer Gear's rights. Defendant Bombi's willful infringement entitles Veer Gear to increased damages under 35 U.S.C. § 284 and to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

93.     Accordingly, the nature of Defendant Bombi's infringement of the '399 Patent makes this case exceptional under 35 U.S.C. § 285.

94.     Veer Gear has complied with the marking requirements of 35 U.S.C. § 287 with respect to the '399 Patent.

## **PRAYER FOR RELIEF**

WHEREFORE, Veer Gear, LLC respectfully prays for relief as follows:

A.     Enter judgment that Defendant Bombi has infringed, directly and/or indirectly, the '663 Patent, the '445 Patent, the '857 Patent, the '460 Patent, and the '399 Patent in violation of 35 U.S.C. § 271, and that such infringement has been and continues to be willful, intentional, and deliberate.

B.     A preliminary and permanent injunction pursuant to 35 U.S.C. § 283 enjoining Defendant Bombi and its respective officers, directors, employees, agents, servants, successors, assigns, and all persons acting in concert or participation with them from making, using, offering to sell, selling, importing, and/or distributing the Waggle Wagon or any other product that infringes any of the Patents-in-Suit.

C.     An Order directing Defendant Bombi to recall all infringing products sold and/or distributed and to provide a full refund for all recalled infringing products;

D.     An Order directing the destruction of all infringing products, and all means of making the infringing products, in Defendant Bombi's possession, custody, or control;

E.     A finding that this case is exceptional and an award of reasonable attorneys' fees to Veer Gear pursuant to 35 U.S.C. § 285;

F.     An award of enhanced damages up to three times the amount of actual damages found, pursuant to 35 U.S.C. § 284, based on Defendant Bombi's willful, deliberate, and intentional infringement;

G.  An award of damages adequate to compensate Veer Gear for the patent infringements that have occurred pursuant to 35 U.S.C. § 284, and/or an award of Defendant Bombi's profits from its patent infringements pursuant to 35 U.S.C. § 289, together with prejudgment interest and costs and reasonable attorney fees, pursuant to 35 U.S.C. §§ 284 and 285;

H.  An award of all costs of suit; and

I.  For such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff Veer Gear LLC hereby demands a trial by jury on all issues triable of right by a jury.

DATED: May 6, 2026

Respectfully submitted,

VEER GEAR LLC

By its attorneys,

*/s/ Daniel J. Procaccini*
Daniel J. Procaccini, Esq. (#8552)
Lucas G. Spremulli, Esq. (#10418)
ADLER POLLOCK & SHEEHAN P.C.
100 Westminster Street, 16th Floor
Providence, RI 02903
Tel: (401) 274-7200
Fax: (401) 351-4607
dprocaccini@apslaw.com
lspremulli@apslaw.com

*/s/ Glenn E. Forbis*
Glenn E. Forbis *(Pro Hac Vice Forthcoming)*
Scott E. Yackey *(Pro Hac Vice Forthcoming)*
HARNESS, DICKEY & PIERCE, PLC
5445 Corporate Drive, Suite 200
Troy, MI  48098
Telephone: (248) 641-1600
gforbis@harnessip.com
syackey@harnessip.com

4908-8373-0857, v. 1